UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CODY ROBERT CUMMINGS, #1115212, | § § § § § | |
| *Plaintiff,* | § | |
| vs. | § | CIVIL NO. SA-19-CV-871-OLG(ESC) |
| BEXAR COUNTY SHERIFF JAVIER SALAZAR, BEXAR COUNTY JAIL, and CITY OF SAN ANTONIO, | § § § § § § | |
| *Defendants.* | § | |

**SHOW CAUSE ORDER**

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Cody Robert Cummings ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

**I. Legal Standard**

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under Sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II. Deficiencies in Plaintiff's Complaint

Plaintiff is in the custody of the Bexar County Adult Detention Center ("BCADC"). In his Section 1983 Complaint, he alleges that on or about February 18, 2019, he was wrongfully arrested and charged with two counts of unauthorized use of a vehicle; and on or about May 24, 2019, he was wrongfully arrested and charged with a third count of unauthorized use of a vehicle. Plaintiff maintains the vehicles in question either belonged to him or were being used by him with the owner's permission. Plaintiff also complains he was not brought before a magistrate and is

currently being unlawfully held on excessive bond. Plaintiff brings this Section 1983 suit against Defendants Bexar County Sheriff Javier Salazar, the Bexar County Jail, and the City of San Antonio, seeking to have his criminal charges dismissed, the officers disciplined, and damages awarded in compensation for his loss of "property, liberties, [and] freedoms."

Plaintiff previously requested and was granted leave to proceed *in forma pauperis* ("IFP"). [#2]. As addressed above, an IFP plaintiff's complaint is considered frivolous and subject to dismissal if it fails to state a claim on which relief can be granted. Here, Plaintiff's claims are deficient in the following respects:

**a.     Plaintiff's Complaint fails to allege Sheriff Salazar was personally involved in the acts of which he complains.**

To state a claim against a defendant under Section 1983, a plaintiff must allege that the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *McConney v. Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir. 1981). An employer cannot be held liable under Section 1983 on a respondeat superior theory; stated differently, an employer is not liable under Section 1983 solely because it employs someone who commits a tort. *See Monell v. Dep't Soc. Servs. City New York*, 436 U.S. 658, 691 (1978).

Plaintiff does not allege that Sheriff Salazar was involved in either of his arrests. Likewise, Plaintiff does not allege that Sheriff Salazar was personally involved in setting Plaintiff's bond or in ordering he be detained or that he was responsible for a policy that resulted in a violation of his rights. Therefore, in response to this Order, Plaintiff should clarify whether he is alleging Sheriff Salazar was personally involved in his arrest, the setting of his bond, and his detention, or whether

Sheriff Salazar was otherwise involved in the violation of his constitutional rights. Plaintiff should provide detailed allegations regarding Sheriff Salazar's involvement, if any.

**b.      Plaintiff fails to allege facts supporting a claim against the Bexar County Jail/Bexar County and the City of San Antonio.**

Plaintiff has sued the Bexar County Jail. But "a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence." *Estate of Schroeder v. Gillespie Cty.*, 23 F. Supp. 3d 775, 781 (W.D. Tex. 2014) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991)). Plaintiff has failed to allege any specific facts showing final Bexar County policymakers have ever authorized the Bexar County Jail to enjoy a jural existence separate and apart from Bexar County, Texas. Thus, by naming the Bexar County Jail as a defendant in this lawsuit, Plaintiff has effectively brought suit against Bexar County. *See Darby*, 939 F.2d at 313–14 ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.")

Even construing the claims as claims against Bexar County, however, Plaintiff's pleading is still deficient with regard to these claims and his claims against the City of San Antonio. A county or municipality is not strictly liable for the acts of its employees or officers but is instead liable for acts pursuant to official policy or custom. *See Monell*, 436 U.S. at 690–91. Thus, to the extent Plaintiff seeks to sue Bexar County, as well as the City of San Antonio, to establish liability Plaintiff must demonstrate, with respect to each entity, a policy or custom that caused the alleged constitutional deprivation. *See id.* Plaintiff's complaint fails to allege a policy or custom with respect to each entity that caused the alleged constitutional deprivation.

4

Therefore, in response to this Order, Plaintiff should provide details and specific facts that would support a claim that the City of San Antonio and Bexar County, to the extent Plaintiff seeks to sue Bexar County, were responsible for unconstitutional customs, practices, or policies that harmed or injured him.

### III. Right to Amend

Before dismissal of his Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED** that within twenty-one days of the date of this Order, Plaintiff must show cause why his Complaint should not be dismissed pursuant to Sections 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by filing an amended complaint that cures these deficiencies. Plaintiff's Amended Complaint should not exceed twenty (20) pages. Further, Plaintiff should present his amended claims by using the Section 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

SIGNED this 26th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE